ject had been complied with. After issue had been joined, upon defendant's motion, an order was made directing plaintiff to serve upon it a bill of particulars which should set forth the manner in which the plaintiff claimed that the defendant converted the property referred to, and also the theory upon which the plaintiff proposed to establish conversion. In response to this order plaintiff served a bill of particulars, in which the conversion was stated to consist in a sale of the property—

"in violation of defendant's agreement with plaintiff not to sell said property, and in violation of the provisions of law pertaining to liens on personal property."

A motion was then made for a further bill of particulars, which should set forth, among other things, the nature and character of the agreement, when and where made, whether oral or in writing, and the name or names of the persons present. The motion was denied, and the appeal is from that order.

I think the motion should have been granted, to the extent of requiring her to give this information. If the plaintiff had an agreement with the defendant that it would not sell the property referred to, then there is no reason why she should not furnish it with the information bearing on that subject.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, to the extent of requiring the plaintiff to furnish a bill of particulars which shall set forth the facts called for in that part of the notice of motion designated "I." All concur.

---

HOLLANDER v. HUDSON et al.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

PLEADING (§ 317*)—COMPLAINT—BILL OF PARTICULARS—NEGLIGENCE.

In an action for injuries caused by the fall of a column, plaintiff should be required to state in a bill of particulars whether he claimed the column was dangerous, unsafe, insecure, or defective, if he had knowledge of facts supporting such claim; otherwise, to state under oath that he did not intend to make such claims, or was not in possession of any knowledge or information on which to base them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Trial Term, New York County.

Action by Edward Hollander against Charles I. Hudson and another. From an order denying defendants' motion for a bill of particulars, they appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

John G. Saxe, for appellants.
Nathan D. Stern, for respondent.

PER CURIAM. The defendants are entitled to be advised as to what the plaintiff expects to show respecting their alleged negligence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If plaintiff has present knowledge of facts tending to show that the marble column was dangerous, unsafe, insecure, or defective, and proposes to prove such facts upon the trial, he should not be unwilling to so state. The order appealed from will therefore be modified, by requiring the plaintiff to state, in addition to what is already required, whether or not it is claimed that the marble column was dangerous or unsafe, and, if so, in what respect or respects it was dangerous and unsafe, and also whether or not it is claimed that said column was insecure or defective, and, if so, in what respects it was insecure or defective. If plaintiff does not intend to make such claims, or is not now in possession of any knowledge or information upon which to base such claims, he can so state under oath.

As so modified, the order should be affirmed, with $10 costs and disbursements to appellants.

